ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br><br>SANTOS YOEL LARACUENTE VÉLEZ<br><br>Parte Peticionaria | TA2025CE00416 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br><br>ISCR2023000052<br>ISCR2023000053<br>ISCR2023000054<br>ISCR2023000055<br><br>Sobre:<br>Art. 401 (a) (2) Ley 4 (2 cargos)<br>Art. 412 Ley 4<br>Art. 285 C.P. |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

Compareció ante este Tribunal la parte peticionaria, el Sr. Santos Yoel Laracuente Vélez (en adelante, el "señor Laracuente Vélez" o "Peticionario"), mediante recurso de *certiorari* presentado el 6 de septiembre de 2025. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, el "TPI"), el 5 de agosto de 2025, notificada y archivada en autos el 7 del mismo mes y año. A través del aludido dictamen el TPI rechazó eximir al Peticionario de la pena especial, según dispuesta en el Artículo 61 del Código Penal, *infra*.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *confirmamos* la *Resolución* recurrida.

## I.

El caso de epígrafe tuvo su origen el 1 de junio de 2023, cuando el señor Laracuente Vélez fue sentenciado por violar los Artículos 401 y 412 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, mejor conocida como "Ley de Sustancias Controladas de Puerto Rico", 24 LPRA sec. 2101

*et seq (*en adelante, la "Ley Núm. 4-1971"), y el Artículo 285 de la Ley Núm. 146-2012, según enmendada, mejor conocida como el "Código Penal de Puerto Rico de 2012", 33 LPRA sec. 5001 *et seq (*en adelante, "Código Penal"). Como consecuencia de ello y además de la condena impuesta por los referidos delitos, se le impuso una pena especial de conformidad con el Artículo 61 del Código Penal. 33 LPRA sec. 5094.

Así las cosas, el 20 de noviembre de 2024, el Peticionario, por derecho propio, presentó una "**Moción**" mediante la cual solicitó que se le eximiera del pago de la mencionada pena especial. El 11 de febrero de 2025, tras la celebración de una vista al respecto, el TPI declaró "No Ha Lugar" dicha petición. Insatisfecho con lo anterior, el 21 de enero de 2025, el señor Laracuente Vélez presentó una "**Moción Solicitando se Exima de la Pena Especial al Amparo de la Ley 34**" en la que informó que, como parte de su *Sentencia* le impusieron una pena especial ascendente a la cantidad de dos mil setecientos dólares ($2,700.00). Alegó que, debido a su situación económica, no había podido sufragar la penalidad impuesta. Asimismo, arguyó que, su falta de recursos pecuniarios incidía directamente en su proceso de rehabilitación al evitar que pueda beneficiarse de los programas que ofrece el Departamento de Corrección y Rehabilitación (en adelante, "DCR"), incluyendo la posibilidad de ser considerado para la Junta de Libertad bajo Palabra sobre la cual se encuentra en proceso de evaluación. Señaló, además que, a causa de su condición, ha sido aceptado como cliente de la Sociedad para la Asistencia Legal (SAL). En vista de lo anterior, solicitó que se enmendara la *Sentencia* eximiéndole de la pena especial impuesta en todos los cargos. El 6 de marzo de 2025, el foro de instancia declaró "Ha Lugar" la referida solicitud, relevando así al señor Laracuente Vélez del pago de la pena especial.

En este contexto, el 17 de marzo de 2025, el Ministerio Público presentó un "**Escrito Urgente en Solicitud de Reconsideración**" (en adelante, la " Moción de Reconsideración") a través del cual expresó que en los casos ISCR202100348 e ISCR202100349 el señor Laracuente Vélez fue condenado a tres (3) años de cárcel mientras que en los casos

ISCR202201126, ISCR202201127 e ISCR202201128 se dictó sentencia en su contra de cinco (5) años de reclusión. Enfatizó que, en el acto de dictar la sentencia, el Peticionario estuvo representado por un abogado de la práctica privada. Señaló que éste se acogió a una alegación preacordada que lo benefició, ya que en los casos ISCR202100348 e ISCR202100349, que originalmente imputaban infracción al Artículo 401 de la Ley Núm. 4-1971, *supra*, fueron recalificados al Artículo 404 de dicho estatuto. Igualmente, destacó que en los casos ISCR202201126 e ISCR202201127 se enmendaron las acusaciones a fin de que se circunscribieran exclusivamente a la sustancia controlada conocida como marihuana. Informó que el Lcdo. Víctor M. Souffront Cordero (en adelante, el "Lcdo. Souffront Cordero"), quien representó al Peticionario durante el juicio e imposición de sentencia continuaba siendo su abogado de récord. Explicó que del récord no surge que el Tribunal haya emitido una *Resolución* asignándole al señor Laracuente Vélez al Lcdo. Carlos F. Rossy Fullana como abogado de oficio. Sostuvo que, al momento en que se dictó la *Sentencia*, el Peticionario no se encontraba en estado de indigencia, por lo cual planteó que resultaba improcedente su petición de ser eximido del pago de la pena especial. En armonía con lo anterior, le solicitó al TPI que reconsiderara su determinación de relevar al Peticionario del pago de la pena especial.

Luego de varios trámites procesales, el 27 de junio de 2025, el foro *a quo* celebró la vista para atender la *Reconsideración*. En la misma, compareció el Peticionario representado por la SAL. Finalmente, el 5 de agosto de 2025, el TPI emitió una *Resolución* en la que determinó que no procedía eximir al señor Laracuente Vélez del pago de la pena especial que pesa en su contra. Específicamente, concluyó que el mero hecho de encontrarse confinado y estar representado por la SAL cuando se solicita el remedio post-sentencia, no es óbice para que el Tribunal lo eximiera de tal obligación.

Inconforme con lo anterior, el Peticionario presentó el recurso que nos ocupa mediante el cual le imputó al TPI la comisión del siguiente error:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL IGNORAR LAS SECCIONES 4, 5 Y 6 DE LA LEY NÚM. 34-2021, QUE EXPRESAMENTE FACULTAN AL TRIBUNAL A EXIMIR POST SENTENCIA DEL PAGO DE LA PENA ESPECIAL A LA PERSONA CONVICTA CUYA INDIGENCIA QUEDE CONSTATADA A SATISFACCIÓN JUDICIAL, O EN SU DEFECTO A CONCEDER UN PLAN DE PAGO A PLAZOS, Y AL RESOLVER EN CONTRARIO APLICÓ PRECEDENTES SUPERADOS Y EXIGIÓ REQUISITOS NO CONTEMPLADOS EN LA LEY, EN ABIERTA VIOLACIÓN AL MANDATO CONSTITUCIONAL DE IGUAL PROTECCIÓN DE LAS LEYES Y DE NO DISCRIMEN POR CONDICIÓN SOCIAL QUE INSPIRÓ LA APROBACIÓN DE DICHA LEGISLACIÓN.**

El 22 de septiembre de 2025, el Ministerio Público, por conducto de la Oficina del Procurador General, presentó un "**Escrito en Cumplimiento de Orden**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

La Ley Núm. 183-1998, según enmendada, mejor conocida como la "Ley de Compensación y Servicios a las Víctimas y Testigos de Delito", 25 LPRA sec. 981 *et seq* (en adelante, la "Ley Núm. 183-1998"), fue promulgada con el fin ulterior de brindar a las víctimas de delito el apoyo y asistencia necesaria para evitar que su entrada al sistema de justicia criminal no constituya un trauma adicional. *Véase*, Exposición de Motivos de la Ley Núm. 183-1998. A su vez, busca conceder el pago de una compensación a las víctimas de determinados delitos que, como consecuencia directa de dichos crímenes, hayan sufrido un daño corporal, enfermedad o la muerte. Íd. En sintonía con ello, el Artículo 61 del Código Penal de Puerto Rico dispone lo siguiente:

> **Además de la pena que se impone por la comisión de un delito, el tribunal impondrá a todo convicto una pena especial equivalente a cien (100) dólares, por cada delito menos grave y trescientos (300) dólares por cada delito grave**. La pena aquí dispuesta se pagará mediante los correspondientes comprobantes de rentas internas. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito. Esta penalidad se fijará según se dispone en la "Ley para la imposición de la Pena Especial del Código Penal de Puerto Rico". 33 LPRA sec. 5094 (énfasis suplido).

Es menester destacar que la precitada pieza legislativa establece manifiestamente que las personas convictas de delito que no hayan satisfecho la pena especial no serán elegibles para participar en los programas de desvío o tratamiento y rehabilitación establecidos por el DCR, salvo que posea un plan de pago a plazos sujeto a las disposiciones de la Ley Núm. 34-2021, *infra*. *Véase*, Artículo 16 del Plan de Reorganización Núm. 2-2011, según enmendado, conocida como el "Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011", 3 LPRA, Ap. XVIII, Art. 16. De igual manera, el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, mejor conocida como la "Ley de la Junta de Libertad Bajo Palabra", dispone que, en caso de incumplirse con la referida obligación pecuniaria, el confinado no podrá ser tomado en consideración para la concesión de libertad bajo palabra o a prueba. 4 LPRA sec. 1503.

En lo que atañe a la naturaleza de la pena especial y su interrelación con las sentencias, nuestro máximo foro judicial ha expresado lo siguiente:

> **[L]a pena especial impuesta es inextricablemente parte de la sentencia**. Es decir, es parte de ese pronunciamiento que hace el tribunal que condena al acusado a compensar, de alguna forma, el daño causado. La intención específica de que los fondos obtenidos por medio de la imposición de esta pena estén destinados al Fondo Especial de Compensación a Víctimas de Delito, no hace a esta pena ajena al resto de las penas aplicables a las personas naturales convictas de delito que sean sentenciadas. No podemos entonces fraccionar la sentencia cuando se peticiona su modificación, específicamente en cuanto a su pena especial. Por lo tanto, es preciso concluir que al solicitar la modificación de la pena especial, a su vez, se está solicitando la modificación de la sentencia. Pueblo v. Silva Colón, 184 DPR 759, 777 (2012) (énfasis suplido).

### B.

De conformidad con lo dispuesto en el Artículo 61 del Código Penal de Puerto Rico, *supra*, la imposición de la pena especial constituía un mandato imperativo para toda persona convicta, sin contemplar exención alguna en atención a la condición social de indigencia del sentenciado. En aras de establecer un procedimiento que facultara a los tribunales a considerar la indigencia al momento de decretar la referida pena, la Asamblea Legislativa aprobó la Ley Núm. 34-2021, mejor conocida como la

"Ley para la Imposición de la Pena Especial del Código Penal de Puerto Rico", 4 LPRA sec. 1661 *et seq.* Dicho estatuto, como manifestación de la política pública del Estado, reconoce el deber de garantizar la igual protección de las leyes a todo convicto que, por razón de su condición social, se encuentre imposibilitado de satisfacer la pena especial dispuesta en el Código Penal de Puerto Rico. 4 LPRA sec. 1661. De esta manera, se asegura que tales personas puedan ser acreedoras de los beneficios y privilegios que el ordenamiento jurídico contempla en favor de su rehabilitación moral y social. Íd.

Dicho de otro modo, el legislador reconoció que la imposición de la pena especial sin contemplar excepción alguna por la condición social de la persona convicta planteaba un problema de índole constitucional respecto a la igual protección de las leyes. En particular, de la Exposición de Motivos de la Ley Núm. 34-2021, *supra*, se desprende el reconocimiento legislativo de una seria dificultad constitucional, a saber: cuando la persona convicta carece de recursos económicos para sufragar la pena especial, su sola condición social le impide acceder a los beneficios disponibles para quienes sí pueden cumplir con dicha obligación. Así, la norma reconoce que una persona que no satisfaga la pena especial por razón de su situación económica podría permanecer mayor tiempo en prisión y verse privada de participar en programas de desvío, en contraste con otra persona que, teniendo idéntica sentencia, cuente con la capacidad económica de pagar la pena especial. *Véase*, Exposición de Motivos de la Ley Núm. 34-2021.

Así pues, la Sección 4 de la referida ley establece que el tribunal podrá eximir a la persona convicta del pago de la pena especial, siempre que se configure al menos una de las siguientes circunstancias: (1) que el Ministerio Público no articule una objeción con fundamento jurídico válido frente a la solicitud de exención; (2) que la persona convicta ostente la condición de indigente y reciba representación de la Sociedad para la Asistencia Legal, de una institución que ofrezca representación legal o de un abogado de oficio; o (3) que la situación de indigencia quede acreditada de manera fehaciente a satisfacción del tribunal. 4 LPRA sec. 1664.

Asimismo, la disposición establece que se presumirá la condición de indigencia de la persona convicta cuando esta "esté representada por alguna organización, persona o entidad que ofrezca servicios de representación legal a personas de escasos recursos económicos". Íd. De igual modo, dicha presunción de indigencia aplicará cuando la persona convicta haya cualificado, o cualifique, para recibir representación legal de alguna de las entidades antes mencionadas, pero no haya podido ser representada por razones ajenas a su situación económica. Íd.

En consonancia con lo previamente establecido, la Sección 6 de la Ley Núm. 34-2021, *supra*, faculta la interposición de una solicitud post convicción con el propósito de que se celebre una vista destinada a dilucidar la procedencia de eximir del pago de la pena especial o, en su defecto, autorizar su cumplimiento mediante plazos. 4 LPRA sec. 1666. En dicho contexto, corresponde al peticionario asumir la carga de exponer las razones que ameriten la celebración de la referida vista, fundamentadas en su condición de indigencia o en la insuficiencia de recursos económicos para satisfacer la pena especial impuesta. Íd. Además, la Sección 12 del estatuto en cuestión establece que sus disposiciones tendrán aplicación retroactiva a las personas convictas conforme al Código Penal de 2004 y al Código Penal de 2012. 4 LPRA sec. 1661 nota. Por consiguiente, una persona convicta con anterioridad a la aprobación de la ley queda facultada para presentar una solicitud al amparo de la Sección 6 del estatuto, a los fines de obtener la exención del pago de la pena especial.

El aspecto medular de la presente controversia consiste en determinar desde qué momento debe concurrir la condición de indigencia para que una persona convicta pueda beneficiarse de las disposiciones de la Ley Núm. 34-2021, *supra*. Del examen de las Secciones 4 y 6 de dicho estatuto no se desprende una contestación clara a este planteamiento, por lo que resulta necesario atender la intención legislativa. A esos efectos, el último párrafo de la Exposición de Motivos dispone que **la condición de indigencia de la persona convicta ha de considerarse en el momento en que el Tribunal evalúe la procedencia de imponer la pena especial**

**prevista en el Código Penal**. *Véase*, Exposición de Motivos de la Ley Núm. 34-2021, *supra*.

Por otro lado, tanto el Informe Positivo del Senado de Puerto Rico como el Informe Positivo de la Cámara de Representantes recogen expresiones de similar tenor. En particular, el Informe Positivo del Senado establece lo siguiente:

> Amparándose en varios derechos, y disposiciones constitucionales, el P. del S. 19 **pretende incluir la consideración de la indigencia del acusado o confinado como factor a considerar por el Tribunal al momento de la imposición de la pena especial**. La aprobación de esta Ley permitiría, de igual modo, que mediante una solicitud post-sentencia el Tribunal pueda evaluar, mediante una vista, la condición de indigencia o falta de capacidad económica del solicitante. Comisión de lo Jurídico y Comisión de Seguridad Pública y Asuntos del Veterano del Senado de Puerto Rico, Informe Positivo Conjunto, P. de la S. 19, 1ra Sesión Ordinaria, 19na Asamblea Legislativa, pág. 2 (énfasis suplido).

De igual forma, del Informe de la Cámara de Representantes se desprende que el estatuto fue creado con el propósito de establecer un procedimiento que permita tomar en consideración la condición de indigencia de la persona convicta al momento en que el Tribunal evalúe la procedencia de imponer la pena especial contemplada en el Código Penal. Comisión de lo Jurídico de la Cámara de Representantes, Informe Positivo, P. de la S. 19, 1ra Sesión Ordinaria, 19na Asamblea Legislativa, pág. 3.

Por consiguiente, sostenemos que con la aprobación de la Ley Núm. 34-2021, *supra*, la Asamblea Legislativa configuró un marco procesal que permite a los tribunales valorar la condición de indigencia de la persona convicta al momento de examinar la procedencia de la imposición de la pena especial. En consecuencia, resulta claro que la determinación sobre la indigencia debe efectuarse en la etapa en que el tribunal evalúa la posibilidad de imponer dicha sanción.

**III.**

En el presente caso, el señor Laracuente Vélez nos solicitó la revocación de la *Resolución* del TPI en la que se le denegó su solicitud para ser eximido del pago de la pena especial por los delitos cometidos.

Como único señalamiento de error esgrimido, el Peticionario aduce que el TPI erró al no aplicar las Secciones 4, 5 y 6 de la Ley Núm. 34-2021,

*supra*, que facultan expresamente al tribunal a eximir, en etapa post sentencia, del pago de la pena especial a la persona convicta cuya condición de indigencia haya sido constatada a satisfacción judicial o, en su defecto, a autorizar un plan de pago a plazos. Arguyó, además, que, al resolver en contrario, el TPI aplicó precedentes ya superados e impuso requisitos no contemplados en la ley, en abierta violación del mandato constitucional de igual protección de las leyes y de no discriminación por condición social que inspiró la aprobación de dicha legislación.

Del expediente que obra ante nuestra consideración se desprende que, el 1 de junio de 2023, el señor Laracuente Vélez fue sentenciado por varias infracciones a la Ley Núm. 4-1971, *supra*. Cabe destacar que, desde la etapa de causa probable para arresto hasta la imposición de sentencia, estuvo representado por un abogado de la práctica privada. Como consecuencia, se le impuso una pena especial al amparo del Artículo 61 del Código Penal, *supra*, ascendente a la suma de $2,700.00. Con posterioridad a ello, el Peticionario presentó diversas mociones mediante las cuales solicitó ser eximido de dicha obligación pecuniaria. No obstante, tras atender la *Moción de Reconsideración* presentada por el Ministerio Público en una vista celebrada el 27 de junio de 2025, el TPI concluyó que no procedía relevarlo del pago de la pena especial impuesta.

Conforme adelantáramos en los acápites anteriores, la Ley Núm. 34-2021, *supra*, fue aprobada con el objetivo de evitar la aplicación discriminatoria de la pena especial. Ello, toda vez que, previo a su aprobación, no existía excepción alguna en consideración a la condición de indigencia para la imposición de dicha penalidad. En consecuencia, una persona se veía impedida de acceder a determinados beneficios por el mero hecho de carecer de los recursos económicos necesarios para satisfacer la pena especial. Así, por ejemplo, para que un convicto pueda extinguir su condena mediante libertad a prueba, se requiere, como condición previa, haber cumplido con el pago de la pena especial. 34 LPRA sec. 1027a. De este modo, la Ley Núm. 34-2021, *supra*, establece el procedimiento mediante el cual los tribunales, ya sea *motu proprio* o a solicitud de parte,

deben considerar la condición social de la persona convicta al momento de evaluar la imposición de la pena especial prevista en el Código Penal.

De conformidad con la normativa previamente discutida, el Artículo 61 del Código Penal de Puerto Rico, *supra*, dispone que, una vez recaiga una determinación de culpabilidad, el tribunal impondrá la pena correspondiente al delito cometido y, adicionalmente, la pena especial. Es precisamente en el acto de dictar sentencia cuando se decreta tanto la pena principal como la especial, razón por la cual "[l]a pena especial impuesta es inextricablemente parte de la sentencia*".* Pueblo v. Silva Colón, *supra*, pág. 777.

Tras un examen minucioso del expediente ante nuestra consideración incluyendo la regrabación de la vista celebrada el 27 de junio de 2025, las mociones solicitando la exención de la pena especial, su correspondiente *Oposición* y la *Resolución* aquí recurrida, hemos arribado a la conclusión de que no procede eximir al señor Laracuente Vélez del pago de la pena especial. Nos explicamos.

En el presente caso, consta en autos que el Peticionario estuvo representado por un abogado de la práctica privada desde la etapa de determinación de causa probable para arresto hasta el momento en que realizó su alegación de culpabilidad. Incluso, en la primera vista celebrada para atender su solicitud de exención del pago de la pena especial compareció con el mismo abogado privado que lo representó en etapas anteriores del proceso criminal llevado en su contra. Este hecho resulta relevante, pues evidencia que, al momento de dictarse la sentencia condenatoria, el señor Laracuente Vélez disponía de los recursos económicos suficientes para contratar representación legal privada.

Es menester destacar que toda solicitud de relevo de la pena especial necesariamente se presenta en etapa post convicción, en tanto dicha sanción únicamente surge con la imposición de la sentencia. En consecuencia, la condición de indigencia que habilitaría la aplicación de la Ley Núm. 34-2021, *supra*, debe evaluarse con referencia a la situación económica existente en el momento en que el tribunal dicta la sentencia y

no con base en circunstancias posteriores. Así lo expuso el legislador en la Exposición de Motivos de dicha pieza legislativa y en los Informes Positivos que precedieron la aprobación de dicha ley.

Ni del expediente ante nuestra consideración, ni de la regrabación de los procedimientos celebrados ante el TPI se desprende que el Peticionario ostentara la condición de indigente al momento de dictarse la sentencia condenatoria. Por el contrario, el hecho de haber contado con representación legal privada durante todo el proceso judicial constituye un elemento objetivo que descarta su alegada falta de recursos en ese momento. De ahí que no haya logrado demostrar que cumplía con alguna de las condiciones establecidas en la Sección 4 de la Ley Núm. 34-2021, *supra*, que permitirían al tribunal eximirlo del pago de la pena especial.

Los planteamientos relacionados con su alegada indigencia, esto es, el confinamiento y su representación por la SAL a partir del 11 de marzo de 2025, no resultan determinantes para la adjudicación de esta controversia, ya que tales circunstancias no estaban presentes al momento de la imposición de la sentencia. Una interpretación contraria conduciría a que la condición de indigencia posterior bastara por sí sola para relevar del pago de la pena especial, lo cual tendría el efecto de privar de eficacia práctica a la disposición legal que la establece y contravenir el espíritu del estatuto al actuar contrario a la clara intención del legislador. Además, tal y como lo expresa la Oficina del Procurador General en su escrito, acoger dichas circunstancias como determinantes para eximir de la pena especial al Peticionario equivaldría a que todos los confinados serían exceptuados del pago de la misma.

En atención a lo anterior, el Peticionario no acreditó tener derecho a la exención solicitada ni a que se le concediera un plan de pagos a plazos de la pena especial impuesta, por lo que no procede enmendar la sentencia condenatoria para relevarlo de la pena especial.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *expedimos* el auto de *certiorari* y *confirmamos* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones